1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EVERETT MUHAMMAD-SNELL,                    No.  2:14-cv-2733 WBS KJN P

12                   Plaintiff,

13          v.                                  ORDER

14   RONALD RACKLEY, et al.,

15                   Defendants.

16

17          Plaintiff is a former state prisoner, proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

19   28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28   ////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   Plaintiff alleges that his constitutional rights were violated by the appeals coordinator

26   Malmendier and "his constituent" Warden Rackley by obstructing plaintiff's administrative

27   appeals, and improperly denying plaintiff participation in and the benefits of prison services,

28   programs or activities on the basis of his physical and mental impairments.  (ECF No. 1 at 3.)

2

Plaintiff alleges his constitutional rights were violated by "constant frivolous screenings, missing supporting documents, and processing malfeasance."  (Id.)  Plaintiff asks the court to "declare, by injunction, [that] this appeals process (censoring) effectively unavailable."  (ECF No. 1 at 3.)  Plaintiff also seeks monetary damages.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

1       Plaintiff provided copies of his administrative appeals and the responses thereto.  (ECF

2   No. 1 at 5-26.)  None of these exhibits reflect that Warden Rackley was involved in the

3   processing of plaintiff's administrative appeals.  Plaintiff is advised that an allegation that the

4   warden "sanctioned" the appeals process, based on his role as warden, is insufficient to

5   demonstrate a link or connection to plaintiff's allegations.

6       Moreover, prisoners have no stand-alone due process rights related to the administrative

7   grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

8   Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

9   inmates to a specific grievance process).  Put another way, prison officials are not required under

10  federal law to process inmate grievances in a specific way or to respond to them in a favorable

11  manner.  Because there is no right to any particular grievance process, plaintiff cannot state a

12  cognizable civil rights claim for a violation of his due process rights based on allegations that

13  prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon,

14  2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied

15  or ignored his inmate appeals failed to state a cognizable claim under the First Amendment);

16  Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations

17  that prison officials failed to timely process his inmate appeals failed to a state cognizable under

18  the Fourteenth Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20,

19  2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any

20  basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6

21  (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his

22  administrative claims.").

23      In addition, plaintiff included no charging allegations as to the defendant named as the

24  "CDCR Medical Receiver."  (ECF No. 1 at 2.)  Plaintiff must include factual allegations to

25  support claims against each named defendant.

26      Plaintiff also names Doe defendants.  The Ninth Circuit has held that where the identity of

27  a defendant is unknown prior to the filing of a complaint, the plaintiff should be given an

28  opportunity through discovery to identify the unknown defendants, unless it is clear that

1    discovery would not uncover the identities or that the complaint would be dismissed on other

2    grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v.

3    Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Here, however, plaintiff does not identify which

4    defendant Does committed what alleged act.  This lack of information is insufficient to put

5    prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate

6    his federal rights.  In order to link Doe defendants to the alleged acts or omissions that

7    demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either

8    name the defendants involved or identify the Doe defendant by his or her actions.  Plaintiff is

9    reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual

10   was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d

11   1193, 1194 (9th Cir. 1998).

12          The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

13   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

14   court has determined that the complaint does not contain a short and plain statement as required

15   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

16   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

17   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

18   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

19   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

20   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

21          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

22   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo, 423

23   U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is

24   involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

25   link or connection between a defendant's actions and the claimed deprivation.  Id.; May v.

26   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague and

27   conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey,

28   673 F.2d at 268.

5

1       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3   complaint be complete in itself without reference to any prior pleading.  This requirement exists

4   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7   original complaint, each claim and the involvement of each defendant must be sufficiently

8   alleged.

9       In accordance with the above, IT IS HEREBY ORDERED that:

10      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11      2.  Plaintiff's complaint is dismissed.

12      3.  Within thirty days from the date of this order, plaintiff shall complete the attached

13  Notice of Amendment and submit the following documents to the court:

14          a.  The completed Notice of Amendment; and

15          b.  An original and one copy of the Amended Complaint.

16  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

18  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

19  Failure to file an amended complaint in accordance with this order may result in the dismissal of

20  this action.

21  Dated:  March 12, 2015

22

23                                          _____
                                            KENDALL J. NEWMAN
24  /muha2733.14n                           UNITED STATES MAGISTRATE JUDGE

25

26

27

28

6

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EVERETT MUHAMMAD-SNELL,              No.  2:14-cv-2733 WBS KJN P

12              Plaintiff,

13       v.                             NOTICE OF AMENDMENT

14  RONALD RACKLEY, et al.,

15              Defendants.

16

17       Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19                 _____        Amended Complaint
    DATED:
20

21                                      _____

22                                      Plaintiff

23

24

25

26

27

28